IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| OLIN GRIMSLEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
|       v. | ) | CIVIL ACTION NO. |
| | ) | 1:04cv609-MHT |
| | ) | [WO] |
| DOUGLAS A. VALESKA, | ) | |
| et al., | ) | |
| | ) | |
|    Defendants. | ) | |

OPINION

In this 42 U.S.C. § 1983 action, Olin Grimsley, a state inmate, sought to compel production of DNA evidence for testing.  The court granted the parties' "Consent Order for DNA Testing" on October 21, 2004 (Doc. No. 21), as well as their "Amended Consent Order for DNA Testing" on January 27, 2005 (Doc. No. 26).  Pursuant to these orders, Orchid Cellmark performed DNA testing on evidence collected in connection with Grimley's conviction for first degree robbery.  During this testing, Orchid Cellmark extracted DNA from a cigarette butt found at the scene of the robbery and compared this DNA to a sample

provided by Grimsley.  The results of the test established that "[t]he primary DNA profile obtained from [the cigarette butt] matches the DNA profile obtained from the swab labeled Olin Grimsley."  February 28, 2005 Report of Laboratory Examination (Doc. No. 27).

In light of the findings contained in the laboratory report, the court entered an order on March 27, 2006 (Doc. No. 28), requiring "that any party show cause by March 31, 2006, why this action should not now be dismissed with prejudice."  No party has filed a response to this order.  Based on the foregoing, the court concludes that this case is due to be dismissed with prejudice.

An appropriate judgment will be entered.

Done this the 6th day of April, 2006.

  /s/  Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**